UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD JOSLYN,

                                        Plaintiff,

                                                                                 DECISION AND ORDER

                                                                                  02-CV-6646L

          v.

JO ANNE B. BARNHART,

                                        Defendant.
_____

        On July 7, 2005, plaintiff, in this action for Social Security benefits, moved for an order awarding attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Plaintiff's attorney seeks fees in the amount of $38,116.50 on the basis of a contingent-fee agreement between plaintiff and plaintiff's attorney. Defendant, JoAnne B. Barnhard, Commissioner of Social Security, opposes the motion on the grounds that the requested fees would result in a windfall to plaintiff's attorney.

## BACKGROUND

        Plaintiff first applied for disability insurance benefits on January 3, 1978 and was denied benefits on May 18, 1978. Plaintiff, as a member of the class in *Dixon v. Sullivan*, 792 F.Supp. 942 (S.D.N.Y. 1992), *aff'd*, 54 F.3d 1019 (2d Cir. 1995), was granted leave to reopen his claim, however,

he was again denied benefits in 2000. Plaintiff requested a hearing and an administrative law judge denied plaintiff's claim on the merits on September 22, 2002. The Appeals Council denied plaintiff's request for review and plaintiff filed this action seeking judicial review. In 2004, I remanded the matter for further administrative proceedings. *Pronti v. Barnhart,* 339 F.Supp.2d 480 (W.D.N.Y. 2004). On May 5, 2005, plaintiff obtained a favorable judgment and was awarded past due benefits in the amount of $173,666.00.

William J. McDonald, Jr., Esq., plaintiff's attorney, began providing services to plaintiff in July, 2000. Since that time, McDonald has spent a total of thirty-three hours representing plaintiff at the administrative level, and he was compensated in the amount of $5,300.00 for these services pursuant to 42 U.S.C. § 406(a). In addition, McDonald spent a total of 42.75 hours representing the plaintiff in this federal court action. McDonald was compensated $6,198.96 for these services pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

McDonald now moves for an award in the amount of $38,116.50 pursuant to 42 U.S.C. § 406(b)(1). McDonald requests this award according to a contingent-fee agreement which authorizes McDonald to recover twenty-five percent of any benefits awarded to plaintiff. Thus, this amount is the balance of twenty-five percent of plaintiff's past due benefits ($43,416.50) minus $5,300.00, the amount already paid to McDonald for his services at the administrative level. In addition, McDonald seeks an order that requires $6,198.96, the amount previously awarded him under the EAJA, to be refunded to the plaintiff.

**DISCUSSION**

Upon a judgment favorable to a claimant, the court may award reasonable attorney's fees to the claimant's attorney, provided that these fees are not in excess of twenty-five percent of the amount of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). A contingent-fee agreement is not *per se* reasonable. Deference should be given, however, to the "freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). When assessing the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805.

Several factors are important when making a reasonableness determination. These factors include: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id*. at 808.

Applying these rules to the present facts, I find that the requested attorney's fees are reasonable and therefore should be awarded. At first blush, the award may seem large, but I conclude that it is not a windfall because of the unusually long duration of the period of disability

here, and the unique challenges this case presented. It is not disputed that the award of the requested fees would be consistent with the character of the representation provided by plaintiff's attorney. It is also not disputed that there was no fraud or overreaching on the part of the plaintiff's attorney. Instead the Commissioner contends that the award would be unreasonable because it would result in a windfall for the plaintiff's attorney.

Although there is no clear set of criteria for determining when an award would result in a windfall, it is clear that there are certain factors which should be considered. *See Lacatena v. Sec'y of Health & Human Servs.*, 785 F.Supp. 319, 321 (N.D.N.Y. 1992). These factors include 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *See Boyd v. Barnhart*, No. 97 CV 7273, 2002 WL 32096590, *2 (E.D.N.Y. Oct. 24, 2002); *see also Lacatena*, 785 F.Supp. at 322. Additionally, when conducting a reasonableness analysis, courts may take into account the amount of time and effort the attorney expended at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005). Finally, if an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant. *Gisbrecht*, 535 U.S. at 796.

McDonald's efforts in the present case were clearly successful to the plaintiff since they resulted in an award of benefits to a plaintiff who had been wrongly denied benefits for seventeen years. McDonald clearly utilized his skills in an effort to present the strongest arguments possible

in support of plaintiff's claim.  He submitted a thorough memorandum of law to the Court on the plaintiff's behalf which in part alleged bias on the part of the original administrative law judge.  This required not only skilled legal research and analysis but also the gathering and compiling of data concerning the outcome of various administrative decisions in an attempt to establish the alleged bias.  Further, it is clear from his efforts at both the federal and administrative levels, that McDonald's skill and expertise in handling social security benefits cases resulted in the efficient handling of this case.  The Commissioner's contention that the attorney's fees would result in a windfall because they are disproportionately high given the amount of time McDonald expended is unavailing because it fails to take into account the effort and skill expended by McDonald, as well as the risk he assumed that he would receive no compensation at all.

Thus, keeping in mind the deference owed to the agreement between the attorney and the plaintiff, *Wells*, 907 F.2d at 371, the interest in assuring that attorneys continue to represent clients such as the plaintiff, *Gisbrecht*, 535 U.S. at 805, and the lack of any factor indicating that the requested award would result in a windfall to the attorney, I conclude that the requested attorney's fees are reasonable and should therefore be awarded.  *See Boyd*, 2002 WL 32096590, at * 2 (finding no windfall where award was approximately $1,186.47 per hour after subtracting EAJA award).

**CONCLUSION**

Plaintiff's motion for attorney's fees in the amount of $38,116.50 pursuant to 42 U.S.C. § 406(b)(1) is granted.  The award is to be made payable to William J. McDonald, Jr., Esq., attorney

for plaintiff.  Upon receipt of this award, McDonald is ordered to refund to the plaintiff, Richard Joslyn, the amount of $6,198.96.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 4, 2005.